**20SL-CC05609**

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY

STATE OF MISSOURI

| | |
|---|---|
| DEBORAH MOORE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JONATHAN BIENIEK )<br>**SERVE: 504 N. 8TH** )<br>**MOUNT VERNON, IL 62854** )<br>)<br> AND LATHAM POOL PRODUCTS, INC, )<br>**SERVE: 222 E DUNKLIN, STE 102** )<br>**JEFFERSON CITY, MO 65101** )<br>)<br>AND RYDER TRANSPORTATION )<br>SERVICES )<br>**SERVE: 11447 PAGE SERVICE ROAD** )<br>**ST. LOUIS, MISSOURI 63146** )<br>)<br>AND RYDER TRUCK RENTAL & )<br>LEASING )<br>**SERVE: 11447 PAGE SERVICE DRIVE** )<br>**ST. LOUIS, MO 63146** )<br>)<br>)<br>Defendants. ) | Cause No.<br><br>Division No. |

<u>**PETITION FOR DAMAGES**</u>

**COMES NOW** Plaintiff, Deborah Moore, by and through the undersigned attorneys, and for the cause of action against Defendants, Jonathan Bieniek, Latham Pool Products, Inc, Ryder Transportation Services  and Ryder Truck Rental & Leasing states as follows to the Court:

<u>**COUNT I – NEGLIGENCE**</u>
<u>**PLAINTIFF V. BIENIEK**</u>

**EXHIBIT A**

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

1.      At all times herein mentioned, Plaintiff DEBORAH MOORE, was a lawful resident of St. Louis, Missouri.

2.      At all times herein mentioned, Defendant JONATHAN BIENIEK, was a lawful resident of Mount Vernon, Illinois.

3.      At all relevant times mentioned herein, Defendant Latham Pool Products, Inc (hereinafter referred to as "Latham Pool") was a Corporation incorporated in the state of New York.

4.      At all relevant times mentioned herein, Defendant Ryder Transportation Services (hereinafter referred to as "Ryder") was a Corporation incorporated in the state of Missouri.

5.      At all relevant times mentioned herein, Defendant Ryder Truck Rental and Leasing (hereinafter referred to as "Ryder Truck") was a Corporation incorporated in the state of Missouri.

6.      On or about December 3, 2015, Plaintiff was the lawful operator of a motor vehicle.

7.      On or about, December 3, 2015, Defendant was the operator of a motor vehicle.

8.      On or about December 3, 2015,  Plaintiff and Defendant were involved in a motor vehicle crash when their two vehicles collided on Interstate 64 in St. Louis, Missouri.

9.      That the Defendant owed Plaintiff a duty to operate the vehicle with the highest degree of care yet failed to do so and was therefore negligent, reckless and careless in the following respects:

EXHIBIT A

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

a)    Defendant drove at excessive speed;

b)    Defendant knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, swerved, slackened speed, or sounded a warning;

c)    Defendant failed to keep a careful lookout;

d)    Defendant failed to signal an intention to turn;

e)    Defendant failed to yield the right-of-way;

f)    Defendant's automobile came into collision with plaintiff's automobile;

10.    As a direct and proximate result of the aforesaid occurrence, Plaintiff was caused to sustain the serious and permanent bodily injuries to wit: headaches, stiff neck, lower back pain, numbness in right arm and hand all of which have caused extreme pain and suffering and will continue to cause experience pain and suffering in the future.

11.    As a direct and proximate result of the aforesaid injuries, Plaintiff has been caused to incur medical care and treatment expense, and will be required to incur further expense for additional care and treatment in the future.

12.    As a direct and proximate result of the aforesaid injuries, Plaintiff is at an increased risk of requiring additional future medical care, which has caused additional mental suffering and worry.

**WHEREFORE**, Plaintiff prays judgment against Defendant in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00), pre-judgment interest, for costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

EXHIBIT A

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

## COUNT II – NEGLIGENCE PER SE
## PLAINTIFF V. BIENIEK

13.     Plaintiff reincorporates and re-alleges paragraphs 1 through 12 above as if fully set forth herein.

14.     The above collision was directly and proximately caused by Defendant's violations of MO. REV. STAT. §§304.017, and each of them of Missouri's statutory rules of the road.

15.     As a direct and proximate result of Defendant's violations of the aforementioned statutes Plaintiff sustained the serious, permanent, progressive and disabling bodily injuries and damages as set forth above.

16.     That Plaintiff was within the class of persons the aforementioned statutes were designed to protect.

17.     The injuries Plaintiff sustained were of the type the aforementioned statutes were designed to prevent.

**WHEREFORE**, Plaintiff prays judgment against Defendant Jonathan Bieniek in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00), pre-judgment interest, for costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT III- VICARIOUS LIABILITY

## PLAINTIFF V. LATHAM POOL

18.     Plaintiff reincorporates paragraphs 1-17 above as if fully set forth herein by reference.

EXHIBIT A

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

19.     That at all times relevant herein, JONATHAN BIENIEK was employed by Latham Pool Products, Inc.

20.     At the time of this incident, JONATHAN BIENIEK was furthering the business interests of his employer, making it vicariously liable for those actions.

**WHEREFORE**, Plaintiff prays judgment against Defendant Latham Pool in an amount in excess of TWENTY FIVE THOUSAND DOLLARS ($25,000.00), pre-judgment interest, for costs herein incurred, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT IV- NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION: Plaintiff v. Latham Pool

21.     Plaintiff reincorporates and realleges paragraphs 1-20 above as if fully set forth herein.

22.     That Latham Pool owed a duty to Plaintiff to use reasonable care in the hiring, training, supervision and retention of employee Bieniek in full compliance with the Federal Motor Carrier Regulations.

23.     Pursuant to the Federal Motor Carrier Safety Regulations, Defendant owed the general public, including the Plaintiff, a duty to determine the qualifications of its agents, servants, and employees, including, but not limited to:

    a.     Adequately evaluate performance, including through training and supervision, so as to discharge any incompetent or negligent applicant, agent, servant, and/or employee before he/she injured the public or property;

    b.     Properly screen its applicants;

    c.     Obtain a completed employment application before permitting an agent,

**EXHIBIT A**

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

servant, and/or employee drive its commercial motor vehicle pursuant to 49 C.F.R. § 391.21;

d. Investigate the agents, servants, and/or employees Driver's employment record during the preceding three years by all reasonable means pursuant to 49 C.F.R. § 391.23(a)(2), 391.23(c); and

e. Inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins pursuant to 49 C.F.R. § 391.23(a);

f. Properly certify its Driver under 49 C.F.R. § 380.203 for the operation of LCV doubles in compliance with 49 C.F.R. §380.111; and

g. Properly evaluate a Driver's performance for operation of LCV doubles through testing in accordance with 49 C.F.R. §380.109.

24. Defendant Latham Pool's duty to comply with all of the above and below listed Federal Motor Carrier Safety Regulations, Codes, and/or Statutes, so as to protect the general public, including Plaintiff, from the unsafe operation of commercial motor vehicles.

25. Defendant Latham Pool breached its duty to the general public, including the Plaintiff and was thereby negligent and careless in the hiring, training, supervising, and retaining Driver as its agent, servant and employee, who was unqualified, incompetent, and/or negligent and careless at the time of this crash and during the time leading up to this crash in the following respects:

a. Failed to make a reasonable inquiry as to Driver's competence as a tractor trailer operator;

b. Selected an incompetent and unfit Driver;

**EXHIBIT A**

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

c.    Failed to select a competent and fit Driver;

d.    Hired and retained an unsafe and unqualified Driver;

e.    Hired and retained an inadequately trained and incompetent Driver;

f.    Allowed Driver Bieniek to operate a defective trailer;

g.    Allowed Driver Bieniek to operate an unsafe trailer;

h.    Entrusted the tractor and trailers to an incompetent Driver;

i.    Entrusted its tractor and trailers to a Driver it knew or should have known

to be a reckless, unqualified, unsafe and incompetent Driver;

j.    Permitted its Driver to drive in excess of the hours of service provisions of

Title 49, Code of Federal Regulations, Section 395;

k.    Defendant failed to properly train Driver in the proper operation,

inspection, maintenance, record-keeping, and check-in, necessary for the

safe operation of the tractor and trailer involved in this crash;

l.    Failed to adequately evaluate Driver's performance through

training and supervision, and failure to discharge Driver before he injured

Plaintiff;

m.    Failed to properly screen Driver as a qualified Driver;

n.    Failed to obtain a completed employment application before permitting

Driver to drive its commercial motor vehicle pursuant to 49 C.F.R. §

391.21;

o.    Failed to investigate Driver Bieniek's employment record during the

preceding three years by all reasonable means pursuant to 49 C.F.R. §

391.23(a)(2), 391.23(c);

**EXHIBIT A**

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

p.   Failed to inquire into Driver's driving record within 30 days after his employment began pursuant to 49 C.F.R. § 391.23(a);

q.   Defendant failed to properly instruct and train Driver Bieniek how to properly and safely operate the tractor and trailer involved in this crash, in particular LCV doubles in accordance with 49 CFR §380.203, §380.111 and 380.109;

r.   Defendant failed to provide safety courses to its agents, servants, and employees on how to safely operate the tractor and trailer involved in this crash;

s.   At the time of this crash, Defendant failed to have in place a system to keep track of the on-duty status or otherwise audit the on-duty status records of Driver Bieniek and its other employees that operate its vehicles in interstate commerce to insure that they did not violate the limitations of the "Hours of Service Limitations" set forth in 49 C. F.R., Part 395;

t.   Failing to verify and audit Driver Bieniek's driving logs to ensure compliance with the hours of service limitations set forth under 49 C.F.R., Part 395;

u.   Permitting and/or failing to prevent Driver Bieniek from operating motor vehicles for periods in excess of industry standards for maximum hours of service;

v.   Requiring, permitting, and/or failing to prevent Driver Bieniek from operating the tractor and trailer when he was so impaired, or likely to become impaired, through fatigue, as to make it unsafe for him to begin or

**EXHIBIT A**

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

continue to operate their vehicles; and

w.   Failed to require Driver Bieniek to advise the dispatcher of his current duty status so as to prevent him from being dispatched when, due to likely fatigue, it was unsafe to do so.

26.   As a direct and proximate cause of Latham Pool's above-stated negligence, Plaintiff sustained damages as more fully stated above.

27.   The actions and omissions of Defendant Latham Pool relating to this crash were willful, wanton, reckless and intentional, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff, as evidenced by prior citations and out of service orders, including findings by the United States Department of Transportation that Defendant falsified Driver Bienieks' record of duty status.

28.   Latham Pool's willful, wanton, reckless and intentional behavior, and for Defendant's complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendants and to deter others from similar conduct.

**WHEREFORE**, Plaintiff prays for the Court to enter Judgment against Defendant Latham Pool in such an amount as is fair and reasonable in excess of this Court's jurisdictional limit, for costs herein incurred, pre-judgment interest, punitive damages, and for any such other and further relief as this Court may deem just and proper.

## COUNT V- NEGLIGENT ENTRUSTMENT
### Plaintiff v. Latham Pool

29.   Plaintiff realleges and reincorporates paragraphs 1-28 as if fully set forth herein.

EXHIBIT A

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

30.     That upon information and belief, Latham Pool entrusted the tractor-trailer combination to Defendant Bieniek.

31.     That Latham Pool was careless and negligent in entrusting the tractor-trailer to Driver Bieniek, an incompetent operator.

32.     Latham Pool knew or by the exercise or reasonable care should have known Driver Bieniek was incompetent to operate said tractor-trailer combination.

33.     That the actions of Driver Bieniek described herein concurred with the negligence of Latham Pool's entrustment to cause the harms herein described to Plaintiff.

**WHEREFORE**, Plaintiff prays for the Court to enter Judgment against Defendant Latham Pool in such an amount as is fair and reasonable in excess of this Court's jurisdictional limit, for costs herein incurred, pre-judgment interest, punitive damages, and for any such other and further relief as this Court may deem just and proper.

## COUNT VI- VICARIOUS LIABILITY
### Plaintiff v. Ryder

34.     Plaintiff incorporates and realleges paragraphs 1-33 as if fully set forth herein.

35.     That at all times relevant herein, Defendant Bieniek's actions were done within the scope of his employment with Ryder and were done as a means of carrying out the job assigned to him by Ryder.

**WHEREFORE**, Plaintiff prays for the Court to enter Judgment against Defendant Ryder in such an amount as is fair and reasonable in excess of this Court's jurisdictional limit, for costs herein incurred, pre-judgment interest, punitive damages, and for any such other and further relief as this Court may deem just and proper.

## COUNT VII- NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION:

**EXHIBIT A**

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

**Plaintiff v. Ryder**

36.     Plaintiff reincorporates and realleges paragraphs 1-35 above as if fully set forth herein.

37.     That Ryder owed a duty to Plaintiff to use reasonable care in the hiring, training, supervision and retention of employee Bieniek in full compliance with the Federal Motor Carrier Regulations.

38.     Pursuant to the Federal Motor Carrier Safety Regulations, Defendant owed the general public, including the Plaintiff, a duty to determine the qualifications of its agents, servants, and employees, including, but not limited to:

    a.     Adequately evaluate performance, including through training and supervision, so as to discharge any incompetent or negligent applicant, agent, servant, and/or employee before he/she injured the public or property;

    b.     Properly screen its applicants;

    c.     Obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle pursuant to 49 C.F.R. § 391.21;

    d.     Investigate the agents, servants, and/or employees Driver Bieniek's employment record during the preceding three years by all reasonable means pursuant to 49 C.F.R. § 391.23(a)(2), 391.23(c); and

    e.     Inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins pursuant to 49 C.F.R. § 391.23(a);

**EXHIBIT A**

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

    f.    Properly certify its Driver under 49 C.F.R. § 380.203 for the operation of LCV doubles in compliance with 49 C.F.R. §380.111; and

    g.    Properly evaluate a Driver's performance for operation of LCV doubles through testing in accordance with 49 C.F.R. §380.109.

39.    Defendant Ryder's duty to comply with all of the above and below listed Federal Motor Carrier Safety Regulations, Codes, and/or Statutes, so as to protect the general public, including Plaintiff, from the unsafe operation of commercial motor vehicles.

40.    Defendant Ryder breached its duty to the general public, including the Plaintiff and was thereby negligent and careless in the hiring, training, supervising, and retaining Driver Bieniek as its agent, servant and employee, who was unqualified, incompetent, and/or negligent and careless at the time of this crash and during the time leading up to this crash in the following respects:

    a.    Failed to make a reasonable inquiry as to Driver's competence as a tractor trailer operator;

    b.    Selected an incompetent and unfit Driver;

    c.    Failed to select a competent and fit Driver;

    d.    Hired and retained an unsafe and unqualified Driver;

    e.    Hired and retained an inadequately trained and incompetent Driver;

    f.    Allowed Driver Bieniek to operate a defective trailer;

    g.    Allowed Driver Bieniek to operate an unsafe trailer;

    h.    Entrusted the tractor and trailers to an incompetent Driver;

    i.    Entrusted its tractor and trailers to a Driver it knew or should have known to be a reckless, unqualified, unsafe and incompetent Driver;

EXHIBIT A

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

j.      Permitted its Driver to drive in excess of the hours of service provisions of
Title 49, Code of Federal Regulations, Section 395;

k.      Defendant failed to properly train Driver in the proper operation,
inspection, maintenance, record-keeping, and check-in, necessary for the
safe operation of the tractor and trailer involved in this crash;

l.      Failed to adequately evaluate Driver's performance through
training and supervision, and failure to discharge Driver before he injured
Plaintiff;

m.      Failed to properly screen Driver as a qualified Driver;

n.      Failed to obtain a completed employment application before permitting
Driver to drive its commercial motor vehicle pursuant to 49 C.F.R. §
391.21;

o.      Failed to investigate Driver Bieniek's employment record during the
preceding three years by all reasonable means pursuant to 49 C.F.R. §
391.23(a)(2), 391.23(c);

p.      Failed to inquire into Driver's driving record within 30 days after his
employment began pursuant to 49 C.F.R. § 391.23(a);

q.      Defendant failed to properly instruct and train Driver Bieniek how to
properly and safely operate the tractor and trailer involved in this crash, in
particular LCV doubles in accordance with 49 CFR §380.203, §380.111
and 380.109;

r.      Defendant failed to provide safety courses to its agents, servants, and
employees on how to safely operate the tractor and trailer involved in this

**EXHIBIT A**

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

crash;

s.    At the time of this crash, Defendant failed to have in place a system to keep track of the on-duty status or otherwise audit the on-duty status records of Driver Bieniek and its other employees that operate its vehicles in interstate commerce to insure that they did not violate the limitations of the "Hours of Service Limitations" set forth in 49 C. F.R., Part 395;

t.    Failing to verify and audit Driver Bieniek's driving logs to ensure compliance with the hours of service limitations set forth under 49 C.F.R., Part 395;

u.    Permitting and/or failing to prevent Driver Bieniek from operating motor vehicles for periods in excess of industry standards for maximum hours of service;

v.    Requiring, permitting, and/or failing to prevent Driver Bieniek from operating the tractor and trailer when he was so impaired, or likely to become impaired, through fatigue, as to make it unsafe for him to begin or continue to operate their vehicles; and

w.    Failed to require Driver Bieniek to advise the dispatcher of his current duty status so as to prevent him from being dispatched when, due to likely fatigue, it was unsafe to do so.

41.    As a direct and proximate cause of Ryder's above-stated negligence, Plaintiff sustained damages as more fully stated above.

42.    The actions and omissions of Defendant Ryder relating to this crash were willful, wanton, reckless and intentional, and demonstrated a complete indifference and conscious

**EXHIBIT A**

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

disregard for the law and for the safety of others, including Plaintiff, as evidenced by prior citations and out of service orders, including findings by the United States Department of Transportation that Defendant falsified Driver Bienieks' record of duty status.

43.     Ryder's willful, wanton, reckless and intentional behavior, and for Defendant's complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendants and to deter others from similar conduct.

**WHEREFORE**, Plaintiff prays for the Court to enter Judgment against Defendant Ryder in such an amount as is fair and reasonable in excess of this Court's jurisdictional limit, for costs herein incurred, pre-judgment interest, punitive damages, and for any such other and further relief as this Court may deem just and proper.

## COUNT VIII- NEGLIGENT ENTRUSTMENT
### Plaintiff v. Ryder

44.     Plaintiff realleges and reincorporates paragraphs 1-43 as if fully set forth herein.

45.     That upon information and belief, Ryder entrusted the tractor-trailer combination to Defendant Bieniek.

46.     That Ryder was careless and negligent in entrusting the tractor-trailer to Driver Bieniek, an incompetent operator.

47.     Ryder knew or by the exercise or reasonable care should have known Driver Bieniek was incompetent to operate said tractor-trailer combination.

48.     That the actions of Driver Bieniek described herein concurred with the negligence of Ryder's entrustment to cause the harms herein described to Plaintiff.

EXHIBIT A

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

**WHEREFORE**, Plaintiff prays for the Court to enter Judgment against Defendant Ryder in such an amount as is fair and reasonable in excess of this Court's jurisdictional limit, for costs herein incurred, pre-judgment interest, punitive damages, and for any such other and further relief as this Court may deem just and proper.

## COUNT IX- VICARIOUS LIABILITY
### Plaintiff v. Ryder Truck

49.     Plaintiff incorporates and realleges paragraphs 1-48 as if fully set forth herein.

50.     That at all times relevant herein, Defendant Bieniek's actions were done within the scope of his employment with Ryder Truck and were done as a means of carrying out the job assigned to him by Ryder Truck.

**WHEREFORE**, Plaintiff prays for the Court to enter Judgment against Defendant Ryder Truck in such an amount as is fair and reasonable in excess of this Court's jurisdictional limit, for costs herein incurred, pre-judgment interest, punitive damages, and for any such other and further relief as this Court may deem just and proper.

## COUNT X- NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION:
### Plaintiff v. Ryder Truck

51.     Plaintiff reincorporates and realleges paragraphs 1-50 above as if fully set forth herein.

52.     That Ryder Truck owed a duty to Plaintiff to use reasonable care in the hiring, training, supervision and retention of employee Bieniek in full compliance with the Federal Motor Carrier Regulations.

**EXHIBIT A**

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

53.     Pursuant to the Federal Motor Carrier Safety Regulations, Defendant owed the general public, including the Plaintiff, a duty to determine the qualifications of its agents, servants, and employees, including, but not limited to:

a.     Adequately evaluate performance, including through training and supervision, so as to discharge any incompetent or negligent applicant, agent, servant, and/or employee before he/she injured the public or property;

b.     Properly screen its applicants;

c.     Obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle pursuant to 49 C.F.R. § 391.21;

d.     Investigate the agents, servants, and/or employees Driver Bieniek's employment record during the preceding three years by all reasonable means pursuant to 49 C.F.R. § 391.23(a)(2), 391.23(c); and

e.     Inquire into the agent's, servant's, and/or employee's driving record within 30 days after employment begins pursuant to 49 C.F.R. § 391.23(a);

f.     Properly certify its Driver under 49 C.F.R. § 380.203 for the operation of LCV doubles in compliance with 49 C.F.R. §380.111; and

g.     Properly evaluate a Driver's performance for operation of LCV doubles through testing in accordance with 49 C.F.R. §380.109.

54.     Defendant Ryder Truck's duty to comply with all of the above and below listed Federal Motor Carrier Safety Regulations, Codes, and/or Statutes, so as to protect the general

EXHIBIT A

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

public, including Plaintiff, from the unsafe operation of commercial motor vehicles.

55.     Defendant Ryder Truck breached its duty to the general public, including the Plaintiff and was thereby negligent and careless in the hiring, training, supervising, and retaining Driver Bieniek as its agent, servant and employee, who was unqualified, incompetent, and/or negligent and careless at the time of this crash and during the time leading up to this crash in the following respects:

a.      Failed to make a reasonable inquiry as to Driver's competence as a tractor trailer operator;

b.      Selected an incompetent and unfit Driver;

c.      Failed to select a competent and fit Driver;

d.      Hired and retained an unsafe and unqualified Driver;

e.      Hired and retained an inadequately trained and incompetent Driver;

f.      Allowed Driver Bieniek to operate a defective trailer;

g.      Allowed Driver Bieniek to operate an unsafe trailer;

h.      Entrusted the tractor and trailers to an incompetent Driver;

i.      Entrusted its tractor and trailers to a Driver it knew or should have known to be a reckless, unqualified, unsafe and incompetent Driver;

j.      Permitted its Driver to drive in excess of the hours of service provisions of Title 49, Code of Federal Regulations, Section 395;

k.      Defendant failed to properly train Driver in the proper operation, inspection, maintenance, record-keeping, and check-in, necessary for the safe operation of the tractor and trailer involved in this crash;

l.      Failed to adequately evaluate Driver's performance through

EXHIBIT A

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

training and supervision, and failure to discharge Driver before he injured

Plaintiff;

m.   Failed to properly screen Driver as a qualified Driver;

n.   Failed to obtain a completed employment application before permitting

Driver to drive its commercial motor vehicle pursuant to 49 C.F.R. §

391.21;

o.   Failed to investigate Driver Bieniek's employment record during the

preceding three years by all reasonable means pursuant to 49 C.F.R. §

391.23(a)(2), 391.23(c);

p.   Failed to inquire into Driver's driving record within 30 days after his

employment began pursuant to 49 C.F.R. § 391.23(a);

q.   Defendant failed to properly instruct and train Driver Bieniek how to

properly and safely operate the tractor and trailer involved in this crash, in

particular LCV doubles in accordance with 49 CFR §380.203, §380.111

and 380.109;

r.   Defendant failed to provide safety courses to its agents, servants, and

employees on how to safely operate the tractor and trailer involved in this

crash;

s.   At the time of this crash, Defendant failed to have in place a system to

keep track of the on-duty status or otherwise audit the on-duty status

records of Driver Bieniek and its other employees that operate its vehicles

in interstate commerce to insure that they did not violate the limitations of

the "Hours of Service Limitations" set forth in 49 C. F.R., Part 395;

**EXHIBIT A**

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

t.    Failing to verify and audit Driver Bieniek's driving logs to ensure
      compliance with the hours of service limitations set forth under 49 C.F.R.,
      Part 395;

u.    Permitting and/or failing to prevent Driver Bieniek from operating motor
      vehicles for periods in excess of industry standards for maximum hours of
      service;

v.    Requiring, permitting, and/or failing to prevent Driver Bieniek from
      operating the tractor and trailer when he was so impaired, or likely to
      become impaired, through fatigue, as to make it unsafe for him to begin or
      continue to operate their vehicles; and

w.    Failed to require Driver Bieniek to advise the dispatcher of his current
      duty status so as to prevent him from being dispatched when, due to likely
      fatigue, it was unsafe to do so.

56.    As a direct and proximate cause of Ryder Truck's above-stated negligence,
Plaintiff sustained damages as more fully stated above.

57.    The actions and omissions of Defendant Ryder Truck relating to this crash were
willful, wanton, reckless and intentional, and demonstrated a complete indifference and
conscious disregard for the law and for the safety of others, including Plaintiff, as evidenced by
prior citations and out of service orders, including findings by the United States Department of
Transportation that Defendant falsified Driver Bienieks' record of duty status.

58.    Ryder Truck's willful, wanton, reckless and intentional behavior, and for
Defendant's complete indifference and conscious disregard for the safety of the motoring
public, aggravated (punitive) damages are appropriate in this action in order to punish

**EXHIBIT A**

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

Defendants and to deter others from similar conduct.

**WHEREFORE**, Plaintiff prays for the Court to enter Judgment against Defendant Ryder Truck in such an amount as is fair and reasonable in excess of this Court's jurisdictional limit, for costs herein incurred, pre-judgment interest, punitive damages, and for any such other and further relief as this Court may deem just and proper.

**COUNT XI- NEGLIGENT ENTRUSTMENT**
**Plaintiff v. Ryder Truck**

59.     Plaintiff realleges and reincorporates paragraphs 1-58 as if fully set forth herein.

60.     That upon information and belief, Ryder Truck entrusted the tractor-trailer combination to Defendant Bieniek.

61.     That Ryder Truck was careless and negligent in entrusting the tractor-trailer to Driver Bieniek, an incompetent operator.

62.     Ryder knew or by the exercise or reasonable care should have known Driver Bieniek was incompetent to operate said tractor-trailer combination.

63.     That the actions of Driver Bieniek described herein concurred with the negligence of Ryder's entrustment to cause the harms herein described to Plaintiff.

**WHEREFORE**, Plaintiff prays for the Court to enter Judgment against Defendant Ryder Truck in such an amount as is fair and reasonable in excess of this Court's jurisdictional limit, for costs herein incurred, pre-judgment interest, punitive damages, and for any such other and further relief as this Court may deem just and proper.

**EXHIBIT A**

Respectfully submitted,

By: _____

**Patrick Hinrichs, #62953**
Attorney for Plaintiff
The Bradley Law Firm
1424 Washington Avenue, Ste 300
St. Louis, MO 63103
(314) 721-9111 (phone)
(314) 255-2765 (fax)
Patrick@thebradleylawfirm.com

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

**EXHIBIT A**

**20SL-CC05609**

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

## IN THE CIRCUIT COURT OF ST LOUIS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| DEBORAH MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. |
| JONATHAN BIENIEK | ) | |
| **SERVE: 504 N. 8TH** | ) | Division No. |
| **MOUNT VERNON, IL 62854** | ) | |
| | ) | |
| AND LATHAM POOL PRODUCTS, INC, | ) | |
| **SERVE: 222 E DUNKLIN, STE 102** | ) | |
| **JEFFERSON CITY, MO 65101** | ) | |
| | ) | |
| AND RYDER TRANSPORTATION | ) | |
| SERVICES | ) | |
| **SERVE: 11447 PAGE SERVICE ROAD** | ) | |
| **ST. LOUIS, MISSOURI 63146** | ) | |
| | ) | |
| AND RYDER TRUCK RENTAL & | ) | |
| LEASING | ) | |
| **SERVE: 11447 PAGE SERVICE DRIVE** | ) | |
| **ST. LOUIS, MO 63146** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM REQUESTING SUMMONS

COMES NOW Plaintiff, and request summons to be issued to Defendants Jonathan

Bieniek at 504 N. 8th Mount Vernon, IL 62854, Defendant Latham Pool Products, Inc at 222 E.

Dunklin, Suite 102, Jefferson City, MO 65101, Defendant Ryder Transportation Services at

11447 Page Service Road, St. Louis, MO 63146 and Defendant Ryder Truck Rental & Leasing at

1144 Page Service Drive, St. Louis, MO 63146for service by the Special Process Server.


Dated this 10th day of November, 2020

**EXHIBIT A**

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

Respectfully submitted,

By: _____

**Patrick Hinrichs, #62953**
Attorney for Plaintiff
The Bradley Law Firm
1424 Washington Avenue, Ste 300
St. Louis, MO 63103
(314) 721-9111 (phone)
(314) 255-2765 (fax)
Patrick@thebradleylawfirm.com

**EXHIBIT A**

20SL-CC05609

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

In the

# CIRCUIT COURT
## Of St. Louis County, Missouri

Deborah Moore
Plaintiff/Petitioner

vs.

Jonathan Bieniek, et al
Defendant/Respondent

November 10, 2020
Date

Case Number

Division

For File Stamp Only

## **REQUEST FOR APPOINTMENT OF PROCESS SERVER**

Comes now __Plaintiff_____, pursuant
                              Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
__Martin Hueckel__          Po Box 160, Saint Peters, Missouri 63376          314-223-9053
Name of Process Server                    Address                                        Telephone

Name of Process Server                    Address or in the Alternative                Telephone

Name of Process Server                    Address or in the Alternative                Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
Jonathan Bieniek
Name
504 N. 8th
Address
Mount Vernon, IL 62854
City/State/Zip

SERVE:
Ryder Transportation Services
Name
11447 Page Service Road
Address
St. Louis, MO 63146
City/State/Zip

SERVE:
Latham Pool Products, Inc
Name
222 E. Dunklin Ste 102
Address
Jefferson City, MO 65101
City/State/Zip

SERVE:
Ryder Truck Rental & Leasing
Name
11447 Page Service
Address
St. Louis, MO 63146
City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk

By _____
       Deputy Clerk

_____
Date

/s/Patrick T. Hinrichs
Signature of Attorney/Plaintiff/Petitioner
62953
Bar No.
1424 Washington Ave, St. Louis, MO 63103
Address
(314) 721-9111          (314) 391-4123
Phone No.                        Fax No.

CCADM62-WS   Rev. 08/16

EXHIBIT A

Electronically Filed - St Louis County - November 10, 2020 - 04:04 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS    Rev. 08/16

**EXHIBIT A**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  20SL-CC05609 |
|---|---|
| Plaintiff/Petitioner:<br>DEBORAH MOORE | Plaintiff's/Petitioner's Attorney/Address<br>PATRICK THOMAS HINRICHS<br>SUITE 1501<br>515 OLIVE STREET<br>SAINT LOUIS, MO  63101 |
| vs. | |
| Defendant/Respondent:<br>JONATHAN BIENIEK | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **LATHAM POOL PRODUCTS, INC**
　　　　　　　　　　　　　Alias:

**222 E DUNKLIN, SUITE 102**
**JEFFERSON CITY, MO 65101**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

　　　　You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
　　　　**SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>16-NOV-2020</u>
**Date**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Clerk

**Further Information:**
**LES**

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____　　　　　　　_____
Printed Name of Sheriff or Server　　　　　　　　　　Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
*(Seal)*　　　　Subscribed and sworn to before me on _____ (date).

　　　　　　　My commission expires: _____　　_____
　　　　　　　　　　　　　　　　　　　　　　Date　　　　　　　　　　Notary Public

**EXHIBIT A**

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

EXHIBIT A

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.   **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

EXHIBIT A

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

EXHIBIT A



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  20SL-CC05609 |
|---|---|
| Plaintiff/Petitioner:<br>DEBORAH MOORE | Plaintiff's/Petitioner's Attorney/Address<br>PATRICK THOMAS HINRICHS<br>SUITE 1501<br>515 OLIVE STREET<br>SAINT LOUIS, MO  63101 |
| **vs.** | |
| Defendant/Respondent:<br>JONATHAN BIENIEK | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: | RYDER TRANSPORTATION SERVICES |
|---|---|
| | Alias: |

**11447 PAGE SERVICE ROAD**
**ST. LOUIS, MO  63146**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
   **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>16-NOV-2020</u>
**Date**

_____ Clerk

**Further Information:**
LES

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*   Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                          Date                                          Notary Public

---

**EXHIBIT A**

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**EXHIBIT A**

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

EXHIBIT A

**(3) <u>Early Neutral Evaluation ("ENE")</u>:** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) <u>Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) <u>Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

EXHIBIT A



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  20SL-CC05609 |
|---|---|
| Plaintiff/Petitioner:<br>DEBORAH MOORE | Plaintiff's/Petitioner's Attorney/Address<br>PATRICK THOMAS HINRICHS<br>SUITE 1501<br>515 OLIVE STREET<br>SAINT LOUIS, MO  63101 |
| vs. | |
| Defendant/Respondent:<br>JONATHAN BIENIEK | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:**  RYDER TRUCK RENTAL & LEASING<br>Alias:<br><br>**11447 PAGE SERVICE DRIVE**<br>**ST. LOUIS, MO  63146** | |



***COURT SEAL OF***

***ST. LOUIS COUNTY***

        **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**
        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>16-NOV-2020</u>
**Date**

_____ / Clerk

**Further Information:**
**LES**

---

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____         _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____         _____
                                           Date                                                    Notary Public

**EXHIBIT A**

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

EXHIBIT A

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

EXHIBIT A

**(3)** <u>**Early Neutral Evaluation ("ENE"):**</u> A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4)** <u>**Mini-Trial:**</u> A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5)** <u>**Summary Jury Trial:**</u> A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

EXHIBIT A



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  20SL-CC05609 |
|---|---|
| Plaintiff/Petitioner:<br>DEBORAH MOORE | Plaintiff's/Petitioner's Attorney/Address:<br>PATRICK THOMAS HINRICHS<br>SUITE 1501<br>515 OLIVE STREET<br>SAINT LOUIS, MO  63101 |
| vs. | |
| Defendant/Respondent:<br>JONATHAN BIENIEK | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  JONATHAN BIENIEK
                              Alias:

**504 N. 8TH**
**MOUNT VERNON, IL  62854**

*COURT SEAL OF*

*ST. LOUIS COUNTY*

     **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**

     **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>16-NOV-2020</u>
**Date**
**Further Information:**
**LES**

_____
**Clerk**

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
    _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently
    resides with the Defendant/Respondent.
    .
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
    ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____
    Printed Name of Sheriff or Server         Signature of Sheriff or Server

    **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
    I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons.
    *(Seal)*               (use for out-of-state officer)
                    ☐ authorized to administer oaths.  (use for court-appointed server)

                _____
                       Signature and Title

EXHIBIT A

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

EXHIBIT A

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - January 15, 2021 - 12:36 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| DEBORAH MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 20SL-CC05609 |
| v. | ) | |
| | ) | Div. 17 |
| JONATHAN BIENIEK, | ) | |
| | ) | |
| LATHAM POOL PRODUCTS, INC., | ) | |
| | ) | |
| RYDER TRANSPORTATION SERVICES, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| RYDER TRUCK RENTAL & LEASING, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

Jerry R. Wilding and the Law Offices of Lucy T. Unger enter their appearance for Defendants Latham Pool Products, Inc., Ryder Transportation Services, and Ryder Truck Rental & Leasing.


LAW OFFICES OF LUCY T. UNGER

By:   /s/ *Jerry R. Wilding*

        Jerry R. Wilding, #38926
        1010 Market Street, Suite 1510
        Saint Louis, MO  63101
        (314) 655-9103
        (877) 369-4899 / Fax
        Email:  Jerry.Wilding@thehartford.com
        ATTORNEY FOR DEFENDANTS
        LATHAM AND RYDER


**EXHIBIT A**

Electronically Filed - St Louis County - January 15, 2021 - 12:36 PM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the Circuit Clerk of St. Louis County, on this 15th day of January, 2021, and emailed to:

Patrick Hinrichs, Esq.
The Bradley Law Firm
142 Washington Avenue
Saint Louis, MO  63103
(314) 721-9111
(314) 255-2765 fax
Email:  Patrick@thebradleylawfirm.com
ATTORNEY FOR PLAINTIFF

/s/ *Jerry R. Wilding*

EXHIBIT A

Electronically Filed - St Louis County - January 15, 2021 - 12:38 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI

DEBORAH MOORE,                              )
                                            )
     Plaintiff,                          )
                                            )   Cause No. 20SL-CC05609
v.                                          )
                                            )   Div. 17
JONATHAN BIENIEK,                           )
                                            )
LATHAM POOL PRODUCTS, INC.,                 )
                                            )
RYDER TRANSPORTATION SERVICES,              )
                                            )
And                                         )
                                            )
RYDER TRUCK RENTAL & LEASING,               )
                                            )
     Defendants.                         )

**DEFENDANTS LATHAM POOL PRODUCTS, RYDER TRANSPORTATION AND
RYDER TRUCK RENTAL & LEASING'S JOINT ANSWER
TO PLAINTIFF'S PETITION**

COME NOW Defendants Latham Pool Products, Inc., (hereinafter "Latham") Ryder Transportation Services (hereinafter "Ryder Transportation") and Ryder Truck Rental & Leasing, (hereinafter "Ryder Truck") by and through their attorneys Jerry R. Wilding and the Law Offices of Lucy T. Unger, and for their Joint Answer to Plaintiff's Petition for Damages, states as follows:

**COUNT I – NEGLIGENCE
Plaintiff v. Bieniek**

Defendants Latham Pool Products, Inc., Ryder Transportation Services and Ryder Truck Rental & Leasing make no Answer to Count I of Plaintiff's Petition because the allegations contained therein are not directed against them. To whatever extent said allegations may be construed against them, there Defendants deny each and every allegation contained therein.

**EXHIBIT A**

Electronically Filed - St Louis County - January 15, 2021 - 12:38 PM

### COUNT II – NEGLIGENCE PER SE
### <u>Plaintiff v. Bieniek</u>

Defendants Latham Pool Products, Inc., Ryder Transportation Services and Ryder Truck Rental & Leasing make no Answer to Count II of Plaintiff's Petition because the allegations contained therein are not directed against them. To whatever extent said allegations may be construed against them, there Defendants deny each and every allegation contained therein.

### COUNT III – VICARIOUS LIABILITY
### <u>Plaintiff v. Latham Pool</u>

18.     Defendants deny the allegations contained in paragraph 18 of Count III Plaintiff's Petition for Damages.

19.     Defendant Latham admits that Defendant Bieniek was previously employed by Defendant Latham.

20.     Defendants deny the allegations contained in paragraph 20 of Plaintiff's Petition for Damages.

### COUNT IV – NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION
### <u>Plaintiff v. Latham Pool</u>

21.     Defendants deny the allegations contained in paragraph 21 of Count IV of Plaintiff's Petition for damages.

22.     Defendants deny the allegations contained in paragraph 22 of Plaintiff's Petition for Damages.

23.     Defendants deny the allegations contained in paragraph 23 of Plaintiff's Petition for Damages, and all subparts thereof.

EXHIBIT A

Electronically Filed - St Louis County - January 15, 2021 - 12:38 PM

24.     Defendants make no Answer to paragraph 24 of Plaintiff's Petition for Damages because it is a purported statement of law and not fact.  To whatever extent it may be construed against Defendants, Defendants deny the statements therein.

25.     Defendants deny the allegations contained in paragraph 25 of Plaintiff's Petition for Damages, and all subparts thereof.

26.     Defendants deny the allegations contained in paragraph 26 of Plaintiff's Petition for Damages.

27.     Defendants deny the allegations contained in paragraph 27 of Plaintiff's Petition for Damages.

28.     Defendants deny the allegations contained in paragraph 28 of Plaintiff's Petition for Damages, and all subparts thereof.

## COUNT V – NEGLIGENT ENTRUSTMENT
### Plaintiff v. Latham Pool

29.     Defendants deny the allegations contained in paragraph 29 of Count V of Plaintiff's Petition for damages.

30.     Defendants deny the allegations contained in paragraph 30 of Plaintiff's Petition for Damages.

31.     Defendants deny the allegations contained in paragraph 31 of Plaintiff's Petition for Damages.

32.     Defendants deny the allegations contained in paragraph 32 of Plaintiff's Petition for Damages.

33.     Defendants deny the allegations contained in paragraph 33 of Plaintiff's Petition for Damages.

EXHIBIT A

Electronically Filed - St Louis County - January 15, 2021 - 12:38 PM

## COUNT VI – VICARIOUS LIABILITY
### <u>Plaintiff v. Ryder Transportation</u>

34.     Defendants deny the allegations contained in paragraph 34 of Count VI of Plaintiff's Petition for damages.

35.     Defendants deny the allegations contained in paragraph 35 of Plaintiff's Petition for Damages.

## COUNT VII – NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION
### <u>Plaintiff v. Ryder Transportation</u>

36.      Defendants deny the allegations contained in paragraph 36 of Count VII of Plaintiff's Petition for damages.

37.     Defendants deny the allegations contained in paragraph 37 of Plaintiff's Petition for Damages.

38.     Defendants make no Answer to paragraph 38 of Plaintiff's Petition for Damages because it is a purported statement of law and not fact.  To whatever extent it may be construed against Defendants, Defendants deny the statements, and all subparts, therein.

39.     Defendants make no Answer to paragraph 39 of Plaintiff's Petition for Damages because it is a purported statement of law and not fact.  To whatever extent it may be construed against Defendants, Defendants deny the statements therein.

40.     Defendants deny the allegations contained in paragraph 40 of Plaintiff's Petition for Damages, and all subparts thereof.

41.     Defendants deny the allegations contained in paragraph 41 of Plaintiff's Petition for Damages.

EXHIBIT A

Electronically Filed - St Louis County - January 15, 2021 - 12:38 PM

42.     Defendants deny the allegations contained in paragraph 42 of Plaintiff's Petition for Damages.

43.     Defendants deny the allegations contained in paragraph 43 of Plaintiff's Petition for Damages.

## COUNT VIII – NEGLIGENT ENTRUSTMENT
### Plaintiff v. Ryder Transportation

44.      Defendants deny the allegations contained in paragraph 44 of Count VIII of Plaintiff's Petition for damages.

45.     Defendants deny the allegations contained in paragraph 45 of Plaintiff's Petition for Damages.

46.     Defendants deny the allegations contained in paragraph 46 of Plaintiff's Petition for Damages.

47.     Defendants deny the allegations contained in paragraph 47 of Plaintiff's Petition for Damages.

48.     Defendants deny the allegations contained in paragraph 48 of Plaintiff's Petition for Damages.

## COUNT IX – VICARIOUS LIABILITY
### Plaintiff v. Ryder Truck

49.     Defendants deny the allegations contained in paragraph 49 of Count IX of Plaintiff's Petition for damages.

50.     Defendants deny the allegations contained in paragraph 50 of Plaintiff's Petition for Damages.

**EXHIBIT A**

Electronically Filed - St Louis County - January 15, 2021 - 12:38 PM

## COUNT X – NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION
### Plaintiff v. Ryder Truck

51.     Defendants deny the allegations contained in paragraph 51 of Count X of Plaintiff's Petition for damages.

52.     Defendants deny the allegations contained in paragraph 52 of Plaintiff's Petition for Damages.

53.     Defendants make no Answer to paragraph 53 of Plaintiff's Petition for Damages because it is a purported statement of law and not fact.  To whatever extent it may be construed against Defendants, Defendants deny the statements, and all subparts, therein.

54.     Defendants make no Answer to paragraph 54 of Plaintiff's Petition for Damages because it is a purported statement of law and not fact.  To whatever extent it may be construed against Defendants, Defendants deny the statements therein.

55.     Defendants deny the allegations contained in paragraph 55 of Plaintiff's Petition for Damages, and all subparts thereof.

56.     Defendants deny the allegations contained in paragraph 56 of Plaintiff's Petition for Damages.

57.     Defendants deny the allegations contained in paragraph 57 of Plaintiff's Petition for Damages.

58.     Defendants deny the allegations contained in paragraph 58 of Plaintiff's Petition for Damages.

EXHIBIT A

Electronically Filed - St Louis County - January 15, 2021 - 12:38 PM

## COUNT XI – NEGLIGENT ENTRUSTMENT
### Plaintiff v. Ryder Truck

59.     Defendants deny the allegations contained in paragraph 59 of Count XI of Plaintiff's Petition for damages.

60.     Defendants deny the allegations contained in paragraph 60 of Plaintiff's Petition for Damages.

61.     Defendants deny the allegations contained in paragraph 61 of Plaintiff's Petition for Damages.

62.     Defendants deny the allegations contained in paragraph 62 of Plaintiff's Petition for Damages.

63.     Defendants deny the allegations contained in paragraph 63 of Plaintiff's Petition for Damages.

## AFFIRMATIVE DEFENSES

1.     For further answer and as an affirmative defense, Defendants state, upon information and belief, that Plaintiff's alleged injuries, if any, already existed, and/or resulted from a natural progression of a pre-existing condition unrelated to the events outlined in Plaintiff's Petition for Damages.

2.     For further answer and as an affirmative defense, Defendants state that Plaintiff's alleged injuries, if any, resulted from a subsequent occurrence and/or condition unrelated to the events outlined in Plaintiff's Petition for Damages.

3.     For further answer and as an affirmative defense, Defendants state that Plaintiff has failed to mitigate her damages.

EXHIBIT A

Electronically Filed - St Louis County - January 15, 2021 - 12:38 PM

4.      For further answer and as an affirmative defense, Defendants state that whatever injuries Plaintiff may have suffered, if any, were due solely to Plaintiff's failure to exercise the highest degree of care in operating her vehicle at the time and place alleged. Specifically, Plaintiff failed to keep a proper lookout, failed to stop, was following the truck vehicle too closely, allowed her vehicle to strike the rear of the truck, failed to swerve or slacken her speed, and/or failed to act after danger of a potential collision was apparent.

5.      For further answer and as an affirmative defense, Defendants state that Plaintiff's injuries, if any, were caused in whole or in part, by the acts or omissions, negligent or otherwise, of Plaintiff, whose comparative fault, whether in whole or in part, is asserted herein.

6.      Plaintiff was in violation of RSMo 304.017 for following the truck more closely than was reasonable safe and prudent, without due regard for the speed of the truck and traffic conditions upon the roadway.

7.      Defendants reserve the right to amend their Affirmative Defenses as discovery proceeds.

8.      In further answering, Defendants state that any allegation that has not been specifically admitted or addressed is hereby denied.

9.      For further answer and affirmative defense, Defendants state that Plaintiff fails to state a cause of action for which relief can be granted.

10.      For further answer and defense, Defendant states that Plaintiff's Petition fails to state a claim for punitive damages and that Plaintiff's Petition fails to allege facts which meet the clear and convincing standards of proof required for the recovery of punitive damages.

11.      For further answer and defense, Defendant states that if Plaintiff sustained damages as alleged in Plaintiff's Petition, which Defendant specifically denies, the

EXHIBIT A

Electronically Filed - St Louis County - January 15, 2021 - 12:38 PM

assessment of exemplary or punitive damages violates Defendant's constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Missouri, in one or more of the following respects:

a) the guidelines, standards, and/or instructions for assessing exemplary or punitive damages are vague, are indefinite, are uncertain, supply no notice to defendant of the potential repercussions of their alleged conduct, set no limit on the damages that can be awarded, fail to require proof of every element beyond a reasonable doubt, are subject to the unbridled discretion of the jury, and do not allow adequate judicial review, thereby denying due process;

(b) the assessment of exemplary or punitive damages is criminal or penal in nature and, therefore, the rights given defendants in criminal proceedings are applicable;

(c) the assessment of exemplary or punitive damages amounts to the imposition of an excessive fine and/or cruel and unusual punishment;

(d) the assessment of exemplary or punitive damages exposes defendant to multiple punishments and fines for the same act;

(e) the assessment of exemplary or punitive damages constitutes double jeopardy;

(f) the assessment of exemplary or punitive damages discriminates against defendant in that defendant's corporate status, wealth, or net worth could be considered by the jury in determining the amounts of any such damage awards and different amounts can be awarded against different defendants for the same act depending solely on the status or material wealth of the various defendants, thereby denying equal protection under the law;

(g) the assessment of exemplary or punitive damages does not provide an adequate procedure for the determination of exemplary or punitive damages in violation of the equal protection and substantive and procedural due process requirements of the Missouri Constitution and the United States Constitution and in violation of the United States Supreme Court's decision in *Pacific Mutual Ins. Co. v. Haslip*, 499 U.S. 1 (1991);

**EXHIBIT A**

Electronically Filed - St Louis County - January 15, 2021 - 12:38 PM

(h)    the assessment of exemplary or punitive damages constitutes an impermissible burden on interstate commerce; and,

(i)    the assessment of exemplary or punitive damages constitutes a violation of due process and other constitutional rights of defendant as set forth in the United States Supreme Court decision in *State Farm Mut. Auto. Ins. Co. v. Campbell*.

WHEREFORE, Defendants pray for judgment in their favor and against Plaintiff and for any and all additional relief which the Court deems just and proper.

## DEFENDANTS DEMAND TRIAL BY JURY OF TWELVE

LAW OFFICES OF LUCY T. UNGER

By:   /s/ *Jerry R. Wilding*

Jerry R. Wilding, #38926
1010 Market Street, Suite 1510
Saint Louis, MO  63101
(314) 655-9103
(877) 369-4899 / Fax
Email:  Jerry.Wilding@thehartford.com
ATTORNEY FOR DEFENDANTS
LATHAM AND RYDER

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the Circuit Clerk of St. Louis County, on this 15th day of January, 2021, and emailed to:

Patrick Hinrichs, Esq.
The Bradley Law Firm
142 Washington Avenue
Saint Louis, MO  63103
(314) 721-9111
(314) 255-2765 fax
Email:  Patrick@thebradleylawfirm.com
ATTORNEY FOR PLAINTIFF

/s/ *Jerry R. Wilding*

**EXHIBIT A**

Electronically Filed - St Louis County - January 15, 2021 - 12:47 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI

DEBORAH MOORE,                               )
                                             )
        Plaintiff,                           )
                                             )        Cause No. 20SL-CC05609
v.                                           )
                                             )        Div. 17
JONATHAN BIENIEK,                            )
                                             )
LATHAM POOL PRODUCTS, INC.,                  )
                                             )
RYDER TRANSPORTATION SERVICES,               )
                                             )
And                                          )
                                             )
RYDER TRUCK RENTAL & LEASING,                )
                                             )
        Defendants.                          )

## CERTIFICATE OF SERVICE

COME NOW Defendants Latham Pool Products, Inc., Ryder Transportation Services, and Ryder Truck Rental & Leasing, by and through its counsel of record, and hereby certifies that the following:

1.      Defendants' Interrogatories Directed to Plaintiff Moore; and

2.      Defendants' Request for Production Directed to Plaintiff Moore

were sent via e-mail (in Word format) on this 15th day of January, 2021 to the following answering party:

Patrick Hinrichs, Esq.
The Bradley Law Firm
142 Washington Avenue
Saint Louis, MO  63103
(314) 721-9111
(314) 255-2765 fax
Email:  Patrick@thebradleylawfirm.com

**EXHIBIT A**

Electronically Filed - St Louis County - January 15, 2021 - 12:47 PM

The above and foregoing was electronically filed with the Circuit Court of St. Louis

County, Missouri this 15<u>th</u> day of January, 2021.

LAW OFFICES OF LUCY T. UNGER

/s/ *Jerry R. Wilding*

Jerry R. Wilding, #38926
1010 Market Street, Suite 1510
Saint Louis, MO  63101
(314) 655-9103
(877) 369-4899 / Fax
Email:  Jerry.Wilding@thehartford.com
ATTORNEY FOR DEFENDANTS
LATHAM AND RYDER

**EXHIBIT A**

Electronically Filed - St Louis County - January 15, 2021 - 12:48 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI

DEBORAH MOORE,                          )
                                        )
        Plaintiff,                      )
                                        )        Cause No. 20SL-CC05609
v.                                      )
                                        )        Div. 17
JONATHAN BIENIEK,                       )
                                        )
LATHAM POOL PRODUCTS, INC.,             )
                                        )
RYDER TRANSPORTATION SERVICES,  )
                                        )
And                                     )
                                        )
RYDER TRUCK RENTAL & LEASING,           )
                                        )
        Defendants.                     )

## CERTIFICATE OF SERVICE

COME NOW Defendants Latham Pool Products, Inc., Ryder Transportation Services, and Ryder Truck Rental & Leasing, by and through its counsel of record, and hereby certifies that the following:

1.      Defendants' Interrogatories Directed to Plaintiff Moore; and

2.      Defendants' Request for Production Directed to Plaintiff Moore

were sent via e-mail (in Word format) on this 15th day of January, 2021 to the following answering party:

Patrick Hinrichs, Esq.
The Bradley Law Firm
142 Washington Avenue
Saint Louis, MO  63103
(314) 721-9111
(314) 255-2765 fax
Email:  Patrick@thebradleylawfirm.com

**EXHIBIT A**

Electronically Filed - St Louis County - January 15, 2021 - 12:48 PM

The above and foregoing was electronically filed with the Circuit Court of St. Louis

County, Missouri this 15<u>th</u> day of January, 2021.

LAW OFFICES OF LUCY T. UNGER

/s/ *Jerry R. Wilding*

Jerry R. Wilding, #38926
1010 Market Street, Suite 1510
Saint Louis, MO  63101
(314) 655-9103
(877) 369-4899 / Fax
Email:  Jerry.Wilding@thehartford.com
ATTORNEY FOR DEFENDANTS
LATHAM AND RYDER

**EXHIBIT A**

Electronically Filed - St Louis County - February 19, 2021 - 02:17 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| DEBORAH MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 20SL-CC5609 |
| JONATHAN BIENIEK | ) | |
| | ) | Division No. |
| AND LATHAM POOL PRODUCTS, INC, | ) | |
| | ) | |
| AND RYDER TRANSPORTATION | ) | |
| SERVICES | ) | |
| | ) | |
| AND RYDER TRUCK RENTAL & LEASING | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on Friday, February 19, 2021, I electronically filed the foregoing Certificate of Service with the Clerk of the Court using the **Missouri Courts E-Filing System** which was sent notification of such filing to all counsel of record.   I further certify that I signed, or caused my electronic signature to be place upon the original of this document certifying that a signed original of:

*Plaintiff's Responses, Answers and Production to Defendants' Discovery*

were sent via email to all Counsel of Record.

Jerry R. Wilding
Law Office of Lucy T. Under
Attorney For: Ryder Transportation Services
1010 Market Street, Suite 1510
St. Louis, MO   63101
Phone: (314) 655-9103
Fax:
Email Address: Jerry.Wilding@thehartford.com

**EXHIBIT A**

Jerry R. Wilding
Law Office of Lucy T. Unger
Attorney For: Latham Pool Products, Inc.
1010 Market Street, Suite 1510
St. Louis, MO   63101
Phone: (314) 655-9103
Fax:
Email Address: Jerry.Wilding@thehartford.com

Jerry R. Wilding
Law Office of Lucy T. Unger
Attorney For: Ryder Truck Rental & Leasing
1010 Market Street, Suite 1510
St. Louis, MO   63101
Phone: (314) 655-9103
Fax:
Email Address: Jerry.Wilding@thehartford.com

Respectfully submitted,

By: _____
Patrick Hinrichs, #62953
Attorney for Plaintiff
1424 Washington Avenue, Ste 300
St. Louis, MO 63103
(314) 721-9111 (phone)
(314) 255-2765 (fax)
Patrick@thebradleylawfirm.com

**EXHIBIT A**

Electronically Filed - St Louis County - February 19, 2021 - 02:17 PM

Electronically Filed - St Louis County - February 19, 2021 - 04:10 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

DEBORAH MOORE                        )
                                     )
                                     )
                  Plaintiff(s),      )
vs.                                  )   Case No.:   20SL-CC05609
                                     )
Latham Pool, et al                   )
                                     )
                                     )
                  Defendant(s)       )

**CERTIFICATE OF SERVICE**

　　The undersigned hereby certifies that on Friday, February 19, 2021, I electronically filed this Certificate of Service with the Clerk of the Court using the **Missouri Courts E-Filing System** which sent notification of such filing to all counsel of record.

　　I further certify that I signed, or caused my electronic signature to be place upon the original of the foregoing documents. The undersigned also hereby certifies these Interrogatories and Request for Production of Documents for Jonathan Bienek and Latham Pool were sent to the following:

Jerry R. Wilding
Law Office of Lucy T. Under
Attorney For: Defendants
1010 Market Street, Suite 1510
St. Louis, MO   63101
Phone: (314) 655-9103
Fax:
Email Address: Jerry.Wilding@thehartford.com

| | |
|---|---|
| ☐ | Via US Mail on a CD containing the Microsoft Word and Adobe PDF versions. |
| x | Via electronic mail attaching the Microsoft Word and Adobe PDF versions. |

**EXHIBIT A**

Electronically Filed - St Louis County - February 19, 2021 - 04:10 PM

Respectfully submitted,

By: _____

Patrick Hinrichs, #62953
Attorney for Plaintiff
The Bradley Law Firm
1424 Washington Avenue, Ste 300
St. Louis, MO 63103
(314) 721-9111 (phone)
(314) 255-2768 (fax)
Patrick@thebradleylawfirm.com

**EXHIBIT A**

Electronically Filed - St Louis County - February 22, 2021 - 05:12 PM



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  20SL-CC05609 |
|---|---|
| Plaintiff/Petitioner:<br>DEBORAH MOORE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>PATRICK THOMAS HINRICHS<br>SUITE 1501<br>515 OLIVE STREET<br>SAINT LOUIS, MO  63101 |
| Defendant/Respondent:<br>JONATHAN BIENIEK | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  JONATHAN BIENIEK
         **Alias:**

**504 N. 8TH**
**MOUNT VERNON, IL  62854**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
      **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

16-NOV-2020
**Date**
**Further Information:**
LES

_____
             Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)

    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

    ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

    **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
              ☐ the judge of the court of which affiant is an officer.
              ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                  (use for out-of-state officer)
*(Seal)*        ☐ authorized to administer oaths.  (use for court-appointed server)

                                   _____
                                   Signature and Title

**EXHIBIT A**

Electronically Filed - St Louis County - February 22, 2021 - 05:12 PM

*291900*

**State of Missouri**
**County of St. Louis**
**21st Judicial Circuit**
**Associate**
Docket number 20SL-CC05609

**Deborah Moore**

Plaintiff,

vs.

AFFIDAVIT OF SERVICE

**Jonathan Bieniek,**

Defendant,

_____/

I, Marybeth Rice affirm and depose that I am a Process Server 18 years of age or over who is not a party to the action.

I hereby certify and return that on 12/04/2020 at 9:50 AM, I served copies of the Summons and Complaint Personally upon **Jonathan Bieniek** as articulated below.

By delivering a copy to **Donna Hooker** personally; **Office Admin III/Records Dept** thereof, an authorized person to accept service of process.

Said service was effected at: **5835 IL-154, Pinckneyville, IL 62274.**

*Please note:*

Due to COVID-19 unable to serve inmates personally must serve Records Dept.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

Sex: **Female** Race: **White** Hair: **Red** Height: **Medium** Weight: **Medium** Place: **Jail**

I certify that the foregoing statements made by me are true, correct and my free act and deed.

_____
Marybeth Rice

The foregoing affidavit sworn and subscribed before me today, December 04, 2020

_____    _____    _____
Samantha Lynne Clark                        Marybeth Rice                        Richard A. Raymond

JobNo. 291900

RICHARD A. RAYMOND
My Commission Expires 4/4/2023
NOTARY PUBLIC
NOTARY SEAL
15167992
Jefferson County
STATE OF MISSOURI

EXHIBIT A

Electronically Filed - St Louis County - March 30, 2021 - 04:32 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT COURT
ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| DEBORAH MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No.:      20SL-CC05609 |
| v. | ) | |
| | ) | Div. 17 |
| JONATHAN BIENIEK, | ) | |
| LATHAM POOL PRODUCTS, INC., | ) | |
| RYDER TRANSPORTATION SERVICES, | ) | |
| And RYDER TRUCK RENTAL & | ) | |
| LEASING, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

COME NOW Defendant Latham Pool Products, Inc., by and through its counsel of record, and hereby certifies that the following:

1.      Defendant Latham's Answers to Plaintiff's Interrogatories; and,
2.      Defendant Latham's Answers to Plaintiff's Request for Production

were sent via U.S. Mail, postage fully prepaid, on this 30th day of March, 2021, to the following party: Patrick Hinrichs, Esq., The Bradley Law Firm, 142 Washington Avenue, Saint Louis, MO, 63103.

The above and foregoing was electronically filed with the Circuit Court of St. Louis County, Missouri this 30th day of March, 2021.

LAW OFFICES OF LUCY T. UNGER

By:     /s/ Jerry R. Wilding
        Jerry R. Wilding, #38926
        1010 Market Street, Suite 1510
        Saint Louis, MO  63101
        (314) 655-9103
        (877) 369-4899 / Fax
        Email:  Jerry.Wilding@thehartford.com
        ATTORNEY FOR DEFENDANTS
        LATHAM AND RYDER

**EXHIBIT A**

Electronically Filed - St Louis County - April 04, 2021 - 03:12 PM

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

DEBORAH MOORE,                            )
                                          )
       Plaintiff(s),                 )
                                          )   Cause No: 20SL-CC05609
vs.                                       )
                                          )
JONATHAN BIENIEK, LATHAM POOLS            )
PRODUCTS, INC., RYDER TRANSPOR-           )
TATION SERVICES, and RYDER TRUCK          )
RENTAL & LEASING,                         )
                                          )
       Defendants.                   )

## ENTRY OF APPEARANCE

COME NOW Lee J. Karge and the law firm of Brinker & Doyen, L.L.P. and hereby enter

their appearance on behalf of Defendant Jonathan Bieniek in the above-captioned matter.

Respectfully submitted,

**BRINKER & DOYEN, LLP**

*/s/ Lee J. Karge*
Lee J. Karge, #56940
34 North Meramec Avenue, 5th Floor
Clayton, MO  63105
314.863.6311/FAX 314.863.8197
lkarge@brinkerdoyen.com
*Attorneys for Defendant*
*Jonathan Bieniek*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed via the court's electronic filing system on the 4th day of April, 2021, with notice of case activity to be generated and served electronically by the court upon all counsel of record.

EXHIBIT A

Electronically Filed - St Louis County - April 04, 2021 - 03:12 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| DEBORAH MOORE,               ) | |
|                         ) | |
|       Plaintiff(s),         ) | |
|                         ) | Cause No: 20SL-CC05609 |
| vs.                     ) | |
|                         ) | |
| JONATHAN BIENIEK, LATHAM POOLS   ) | |
| PRODUCTS, INC., RYDER TRANSPOR-   ) | |
| TATION SERVICES, and RYDER TRUCK   ) | |
| RENTAL & LEASING,            ) | |
|                         ) | |
|       Defendants.        ) | |

**<u>MOTION TO QUASH SERVICE</u>**

COMES NOW Defendant Jonathan Bieniek, by and through counsel, and for his Motion to Quash Service states as follows:

1.      Plaintiff complains of an auto accident that occurred on December 3, 2015. (Petition.)

2.      Plaintiff filed her lawsuit on November 10, 2020. *Id.*

3.      Plaintiff alleges that Defendant Jonathan Bieniek was at all times relevant a resident of Mount Vernon, Illinois. (Petition ¶ 2.)

4.      Plaintiff requested a special process server be appointed for service on Defendants including Bieniek. (Motion for Appointment of Special Process Server.)

5.      Particularly, Plaintiff requested that "Martin Hueckel" be appointed to serve the summons and petition on all Defendants, including Bieniek. *Id.*

6.      On November 16, 2020, the St. Louis County Circuit Clerk approved the appointment of Martin Hueckel as the private process server to service Bieniek. (Appointment of Private Process Server, 11.16.20.)

**EXHIBIT A**

Electronically Filed - St Louis County - April 04, 2021 - 03:12 PM

7.    On February 22, 2021, Plaintiff filed an "Affidavit of Service" suggesting that Bieniek was served. (Affidavit of Service, 2/22/21.)

8.    Particularly, the affidavit was completed by Marybeth Rice. *Id.*

9.    Marybeth Rice was not appointed by the St. Louis County Circuit Clerk as a private process server to serve Bienick.

10.    Service of process is the fulfillment of the due process requirement of notice. *Silinzy v. Williams,* 247 S.W.3d 595, 599 (Mo. App. E.D.2008).

11.    "Only by service of process authorized by statute or rule (or by appearance) can a court obtain jurisdiction to adjudicate the rights of a defendant." *Worley v. Worley,* 19 S.W.3d 127, 129 (Mo. banc 2000).

12.    Missouri Rule 54.20 sets forth:

**54.20. Proof of Service**

**\* \* \***

**(b) Outside the State--Officer's Returns--Affidavits of Service.**

(1) Every officer to whom summons or other process shall be delivered for service outside the state shall make an affidavit before the clerk or judge of the court of which affiant is an officer or other person authorized to administer oaths in such state stating the time, place and manner of such service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where such service was made. The court may consider the affidavit or any other evidence in determining whether service has been properly made.

(2) If service of such process is made by a person appointed by the court in which the action is pending such person shall file an affidavit stating the time, place and manner of such service. The court may consider the affidavit or any other evidence in determining whether service has been properly made.

(3) If service of process is made outside the state pursuant to Rule 54.16, the defendant's acknowledgment, executed pursuant to Rule 54.16, shall constitute proof of service of process.

**EXHIBIT A**

Electronically Filed - St Louis County - April 04, 2021 - 03:12 PM

13.     Rule 54.20 sets forth distinct requirements for (1) an officer or (2) a private process server appointed by this Honorable Court to follow when filing affidavits of service.

14.     Rice is not an officer and she was not appointed by the St. Louis County court to serve Bieniek.

15.     Any efforts by Rice to serve Bieniek were entirely improper because she was not permitted by Missouri law to do so and her actions do not, and cannot, comply with Rule 54.20.

16.     Under Rule 54.21, the officer or private process server is required to "make return of service promptly".

17.     Rice never notified the Court of service. Rather, Plaintiff filed Rice's affidavit purporting service was made months later.

18.     Section 506.510.1 of the Revised Statutes of Missouri requires personal service on an out-of-state defendant. RSMo. § 506.510.1.

19.     Missouri Rule 54.14(b) requires that service on an out-of-state defendant comply with Missouri Rule 54.13(b).

20.     Under Rule 54.13(b) of the Missouri Rules of Civil Procedure, service upon an individual may be made "by delivering a copy of the summons and petition personally to the individual or by leaving a copy . . . at the individual's dwelling house or usual place of abode with some person of the individual's family over the age of fifteen years, or by delivering a copy . . . to an agent authorized by appointed or required by law to receive service of process.

21.     Rice testified in the affidavit that she left a copy of the summons and "complaint" with "Donna Hooker, presumably an employee in the "Office Admin III/Records Dept" at "5835 ILC-154, Pinckneyville, IL 62274". *Id.*

EXHIBIT A

Electronically Filed - St Louis County - April 04, 2021 - 03:12 PM

22.     Rice further suggested she was not permitted to personally serve inmates because of COVID-19, so she was required to serve the Records Dept. *Id.*

23.     Rice did not obtain personal service on Bieniek under Rules 54.13(b) and 54.14(b) and, therefore, service was improper.

24.     Nothing in Missouri law permits personal service on an individual by leaving the summons and petition with an employee of a prison.

25.     Donna Hooker is not Bieniek's relative nor does she reside at the prison.

26.     Bieniek has not authorized Donna Hooker to accept service of Missouri lawsuits for him nor was she appointed as his agent to do so.

27.     The Missouri judiciary has not excused personal service due to COVID-19.

28.     Bieniek has not waived service in this matter.

29.     As an out-of-state driver, Missouri permits service of process on Bienick via substitute service on the Missouri Secretary of State as long as the plaintiff complies with the requirements under Sections 506.210, 506.240, and 506.340 of the Revised Statutes of Missouri and Rule 54.15.

30.     All attempts at service here was flawed under Missouri law and, therefore, Bienick's Motion to Quash Service should be granted.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant his Motion to Quash Service and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BRINKER & DOYEN, LLP**

*/s/ Lee J. Karge*_____
Lawrence Smith, #31976MO
Lee J. Karge, #56940MO

4

**EXHIBIT A**

Electronically Filed - St Louis County - April 04, 2021 - 03:12 PM

34 North Meramec Avenue, 5th Floor
Clayton, MO  63105
314.863.6311/FAX 314.863.8197
smith@brinkerdoyen.com
lkarge@brinkerdoyen.com
*Attorneys for Defendant*
*Ahlheim & Dorsey, LLC*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed via the court's electronic filing system on the 4th day of April, 2021, with notice of case activity to be generated and served electronically by the court upon all counsel of record.


                    /s/ *Lee J. Karge*

5

**EXHIBIT A**

Electronically Filed - St Louis County - April 06, 2021 - 10:42 AM

### IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
### STATE OF MISSOURI

| | |
|---|---|
| DEBORAH MOORE, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) Cause No: 20SL-CC05609 |
| vs. | ) |
| | ) |
| JONATHAN BIENIEK, | ) |
| LATHAM POOLS PRODUCTS, INC., | ) |
| RYDER TRANSPORTATION SERVICES, and | ) |
| RYDER TRUCK RENTAL & LEASING, | ) |
| | ) |
| Defendants. | ) |

### ENTRY OF APPEARANCE

COME NOW Lawrence R. Smith and the law firm of Brinker & Doyen, L.L.P. and hereby

enter their appearance on behalf of Defendant Jonathan Bieniek in the above-captioned matter.

Respectfully submitted,

**BRINKER & DOYEN, LLP**

*/s/ Lawrence R. Smith*
Lawrence R. Smith, #31976
Lee J. Karge, #56940
34 N. Meramec Avenue, 5th Floor
Clayton, MO  63105
314-863-6311 Phone
314-863-8197 Fax
*smith@brinkerdoyen.com*
*lkarge@brinkerdoyen.com*
***Attorneys for Defendant Jonathan Bieniek***

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed via the court's electronic filing system on the 4th day of April, 2021, with notice of case activity to be generated and served electronically by the court upon all counsel of record.

*/s/ Lawrence R. Smith*

**EXHIBIT A**

Electronically Filed - St Louis County - April 30, 2021 - 04:35 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| DEBORAH MOORE, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | Cause No: 20SL-CC05609 |
| vs. | ) | |
| | ) | |
| JONATHAN BIENIEK, LATHAM POOLS | ) | Division 17 |
| PRODUCTS, INC., RYDER TRANSPOR- | ) | |
| TATION SERVICES, and RYDER TRUCK | ) | |
| RENTAL & LEASING, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

This Cause comes before the Court on Defendant Jonathan Bieniek's Motion to Quash

Service. Plaintiff concedes Defendant's Motion. Defendant Jonathan Bieniek's Motion to Quash

Service is hereby GRANTED.

SO ORDERED,


_____                    _____
      Judge Joseph L. Walsh III                                                        Date

**EXHIBIT A**

Electronically Filed - St Louis County - April 30, 2021 - 04:41 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| DEBORAH MOORE,                 ) | |
|                         ) | |
|      Plaintiff(s),         ) | |
|                         ) | Cause No: 20SL-CC05609 |
| vs.                      ) | |

JONATHAN BIENIEK, LATHAM POOLS PRODUCTS, INC., RYDER TRANSPORTATION SERVICES, and RYDER TRUCK RENTAL & LEASING,

     Defendants.

**APPOINTMENT FOR PERSONAL SERVICE OF**
**DEFENDANT JONATHAN BIENIEK**

COMES NOW Lee J. Karge of the law firm of Brinker & Doyen, L.L.P and hereby states as follows:

1.    I hereby acknowledge that I was retained as legal counsel for Defendant Jonathan Bieniek.

2.    On April 19, 2021, Defendant Jonathan Bieniek appointed me to accept service of process of the Summons and Petition filed in this matter on his behalf pursuant to Rule 54.13(b)(1) of the Missouri Rules of Civil Procedure and Section 506.150.1(1) of the Revised Statutes of Missouri.

DATED: April 30, 2021

1

**EXHIBIT A**

Electronically Filed - St Louis County - April 30, 2021 - 04:41 PM

Respectfully submitted,

**BRINKER & DOYEN, LLP**

*/s/ Lee J. Karge*
Lee J. Karge, #56940
34 North Meramec Avenue, 5th Floor
Clayton, MO  63105
314.863.6311/FAX 314.863.8197
lkarge@brinkerdoyen.com
*Attorneys for Defendant*
*Jonathan Bieniek*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was filed via the court's electronic filing system on the 30th day of April, 2021, with notice of case activity to be generated and served electronically by the court upon all counsel of record.

EXHIBIT A

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

FILED IN DIV. 17

MAY 0 5 2021

JOAN M. GILMER
CUIT CLERK, ST. LOUIS COUNT

| | | |
|---|---|---|
| DEBORAH MOORE, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | Cause No: 20SL-CC05609 |
| vs. | ) | |
| | ) | |
| JONATHAN BIENIEK, LATHAM POOLS | ) | Division 17 |
| PRODUCTS, INC., RYDER TRANSPOR- | ) | |
| TATION SERVICES, and RYDER TRUCK | ) | |
| RENTAL & LEASING, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This Cause comes before the Court on Defendant Jonathan Bieniek's Motion to Quash

Service. Plaintiff concedes Defendant's Motion. Defendant Jonathan Bieniek's Motion to Quash

Service is hereby GRANTED.

SO ORDERED,

_____
Judge Joseph L. Walsh III

5/5/21
_____
Date

1

**EXHIBIT A**

Electronically Filed - St Louis County - May 05, 2021 - 04:01 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| DEBORAH MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 20SL-CC05609 |
| JONATHAN BIENIEK, LATHAM POOL | ) | |
| PRODUCTS, INC, RYDER | ) | Division No. |
| TRANSPORTATION SERVICES AND | ) | |
| RYDER TRUCK RENTAL & LEASING, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM REQUESTING ALIAS SUMMONS

**COMES NOW** Plaintiff, and request an alias summon to be issued to Defendant

Jonathan Bieniek at 504 N. 8th Mount Vernon, IL 62854 for service by the Special Process

Server.

Respectfully submitted,

By: _____

Patrick Hinrichs, #62953
The Bradley Law Firm
Attorney for Plaintiff
1424 Washington Avenue, Ste 300
St. Louis, MO 63103
(314) 721-9111 (phone)
(314) 255-2765 (fax)
Patrick@thebradleylawfirm.com

**EXHIBIT A**

Electronically Filed - St Louis County - May 05, 2021 - 04:01 PM

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on Wednesday, May 5, 2021, I electronically filed the foregoing Certificate of Service with the Clerk of the Court using the **<u>Missouri Courts E-Filing System</u>** which was sent notification of such filing to all counsel of record.  I further certify that I signed, or caused my electronic signature to be place upon the original of the foregoing documents and that a copy of the foregoing was sent via the Court's efiling system to.

Jerry R. Wilding
Law Office of Lucy T. Under
Attorney For: Ryder Transportation Services
1010 Market Street, Suite 1510
St. Louis, MO  63101
Phone: (314) 655-9103
Fax:
Email Address: Jerry.Wilding@thehartford.com

Jerry R. Wilding
Law Office of Lucy T. Unger
Attorney For: Latham Pool Products, Inc.
1010 Market Street, Suite 1510
St. Louis,, MO  63101
Phone: (314) 655-9103
Fax:
Email Address: Jerry.Wilding@thehartford.com

Jerry R. Wilding
Law Office of Lucy T. Unger
Attorney For: Ryder Truck Rental & Leasing
1010 Market Street, Suite 1510
St. Louis, MO  63101
Phone: (314) 655-9103
Fax:
Email Address: Jerry.Wilding@thehartford.com

Lawrence R. Smith
Brinker & Doyen LLP
Attorney For: Jonathan R. Bienick
34 N. Meramec Ave, 5th Fl
Clayton, MO  63105
Phone: (314) 863-6311
Fax: (314) 863-8197
Email Address: smith@brinkerdoyen.com

Lee Karge

**EXHIBIT A**

Electronically Filed - St Louis County - May 05, 2021 - 04:01 PM

Brinker & Doyen LLP
Attorney For: Jonathan R. Bienick
34 North Meramec Ave, 5th Fl
Clayton, MO  63105
Phone: (314) 863-6311
Fax: (314) 863-8197
Email Address: lkarge@brinkerdoyen.com


/s/Patrick T. Hinrichs

**EXHIBIT A**



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH L. WALSH III | Case Number:  20SL-CC05609 |
|---|---|
| Plaintiff/Petitioner:<br>DEBORAH MOORE | Plaintiff's/Petitioner's Attorney/Address:<br>PATRICK THOMAS HINRICHS<br>SUITE 1501<br>515 OLIVE STREET<br>SAINT LOUIS, MO  63101 |
| vs. | |
| Defendant/Respondent:<br>JONATHAN BIENIEK | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Vehicular | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  JONATHAN BIENIEK
                          Alias:

504 N. 8TH
MOUNT VERNON, IL  62854

**COURT SEAL OF**

**ST. LOUIS COUNTY**

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>21-MAY-2021</u>
Date
Further Information:
GB

_____ Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
   .
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address).
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____
Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
*(Seal)*            ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                       (use for out-of-state officer)
                   ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

EXHIBIT A

| **Service Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

EXHIBIT A

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

EXHIBIT A

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

EXHIBIT A